UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HERMAN NELSON WRIGHT, IV,     )
                              )
        Plaintiff             )
                              )
v.                            )     No. 2:14-cv-75-JHR
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social Security, )
                              )
        Defendant             )

# MEMORANDUM DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal challenges the administrative law judge's evaluation of his substance abuse and his treatment of the opinion of a treating physician. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through September 30, 2008, Finding 1, Record at 1; that he suffered from major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and polysubstance abuse disorder,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written oppositions to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 17.

1

impairments that were severe and which, considered in combination, met the criteria of sections 12.04 and 12.09 of Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 49-50; that, if the plaintiff stopped the substance abuse, the remaining impairments would continue to be severe, but would not, considered separately or in combination, meet the criteria of any section of the Listings, Findings 5-6, *id.* at 51-52; that, if he stopped the substance abuse, the plaintiff would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that he should not work where there are complicated or detailed tasks, Finding 7, *id.* at 53-54; that, if he stopped the substance abuse, the plaintiff would be able to perform his past relevant work as a landscape laborer and a store laborer, Finding 8, *id.* at 58; and that, therefore, if he stopped the substance abuse, the plaintiff would not be disabled within the meaning of that term in the Social Security Act at any time from the alleged amended date of onset. January 1, 2007, to the date of the opinion, August 24, 2012, Finding 9, *id.* at 59.  The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner.  20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work

other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Substance Abuse

The plaintiff first contends that "[n]o medical opinion or other evidence supports the determination of Plaintiff's limitations in the absence of substance issues[,]" and that the administrative law judge must, therefore, have made a forbidden "lay determination of the RFC[.]" Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 10) at 2-3. More specifically, he asserts that the administrative law judge "impermissibly interpreted raw medical evidence[,]" *id*. at 3, which is prohibited by long-standing Social Security law. *See Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

An applicant may not obtain benefits when alcohol or substance abuse was a contributing factor necessary to a finding of disability. 20 C.F.R. §§ 404.1535, 416.935.[2] "[A]s a matter of law, 'alcoholism' and 'drug addiction' cannot pave the way to disability benefits." *Pelletier v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00282-JAW, 2011 WL 2912685, at *3 (D. Me. July 18, 2011). Here, the administrative law judge acknowledged this standard, Record at 48, and then discussed the related evidence at length, throughout her opinion, *id*. at 49-58. The plaintiff appears to challenge, Itemized Statement at 2-5, only the limitations that the administrative law judge

---

[2] "An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

3

found would still be present in the absence of substance abuse: "he should not work where there are complicated or detailed tasks." Record at 54.

At oral argument, the plaintiff's attorney asserted that, once a claimant is found to be disabled while abusing substances, the burden shifts to the commissioner to present significant evidence that he could work if he were not abusing the substances. To the contrary, the burden is on the claimant to demonstrate that substance abuse is not a material factor in that disability by showing that an impairment would have been disabling even if the substance abuse ceased. To do so, the claimant must demonstrate that the impairment would remain during periods when he stopped using the abused substance. *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007) (citing cases).

The plaintiff suggests that, because no medical expert specifically stated that these limitations would exist in the absence of substance abuse, the administrative judge must have drawn them from her own interpretation of raw medical evidence, although he does not identify this evidence.[3] Itemized Statement at 3. The defendant responds that, since the state-agency reviewing medical experts and the consultative examiner, Dr. Collins, all stated that substance abuse was the only impairment that significantly limited the plaintiff's mental functioning, the fact that the administrative law judge assigned some mental limitations to the plaintiff's RFC independent of substance abuse resulted in an RFC more favorable to the plaintiff than the evidence would support, a situation in which a claimant is not entitled to remand under case law in this district. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 12-13; *see, e.g., Bowden,* 2014 WL 1664961 at *4; *Gould v. Astrue*, No. 2:11-cv-265-JAW, 2012 WL 1098471, at *2 (D. Me. Mar. 31, 2012).

---

[3] Identification of the specific raw medical evidence is required in this district. *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014).

However, there is a medical opinion in the record that is more limiting in the absence of substance abuse than is the assigned RFC. That opinion, upon which the plaintiff relies, Itemized Statement at 2-3, is the statement of his treating psychiatrist, Dr. Edward Pontius, that "abstinence from non-prescribed substances would not change the situation at the current time[,]" the "situation at the current time" being that the plaintiff "is not effectively able to obtain and maintain competitive employment at this time[.]" Record at 659. This is an opinion on the issue of disability, which is reserved to the commissioner. 20 C.F.R. §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3). The plaintiff does not point to any specific limitations on work-related activities about which Dr. Pontius opines.

The administrative law judge cites in this regard the opinion of a consultative psychologist,[4] Thomas Collins, Ed.D., who examined the plaintiff, "that the claimant's mental status was adequate for the purpose of his examination [while sober] and that the sole definitive factor that might lead to decline in mental status was his substance abuse." Record at 57 (citation omitted). The plaintiff argues that the administrative law judge could not rely on this conclusion because Dr. Collins made the statement "in the context of testing which was considered invalid for psychiatric disorders (R.514), and where the author did not have the benefit of Dr. Pontius's opinion nor extensive subsequent records from Sweetser[.]" Itemized Statement at 3 (listing 20 pages as the "records from Sweetser").

---

[4] At oral argument, the plaintiff's attorney stated that Dr. Collins' examination of the plaintiff was not a consultative evaluation, because it was requested by the state rehabilitation agency rather than the defendant. He cited no authority in support of this statement, nor did he suggest the manner in which such an examination should be treated differently from an examination requested by the defendant. This court has in the past treated the report from a consultation requested by the state agency as equivalent to the report resulting from a request by the administrative law judge or other employee of the Social Security Administration. *See, e.g., Evans v. Colvin*, No. 2:12-CV-235-JAW, 2013 WL 2145637, at *5 (D. Me. Apr. 26, 2013); *Nickerson v. Barnhart*, No. 02-101-B, 2003 WL 1090162, at *4 (D. Me. Apr. 4, 2003). My own research has not located any authority in which such a distinction is made.

5

As the defendant points out, Opposition at 14, the fact that an examining consultant did not have the benefit of a later-submitted opinion from a treating physician does not mean that the consultant's opinion must be rejected. *See, e.g, Parker v. Colvin*, Civil No. 2:13-cv-286-DBH, 2014 WL 3533323, at *4 (D. Me. July 15, 2014) (plaintiff cannot obtain rejection of reviewer's opinion by waiting to submit medical source statement to the contrary; to succeed with this argument, plaintiff must explain how later-submitted records would have required administrative law judge to adopt those conclusions and reject those of earlier review); *Breingan v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at *6 n.5 (D. Me. Jan. 17, 2011) (administrative law judge competent to resolve conflicts of expert opinion by judging whether later-submitted evidence is material and whether there are discrepancies between treating sources' opinion and underlying progress notes).

In addition, the plaintiff mischaracterizes Dr. Collins's statement about invalid testing. Again, the defendant correctly interprets Dr. Collins's report. Opposition at 13. Dr. Collins said that he was unable to use the results of the Minnesota Multiphasic Personality Inventory – Revised Form, one of the tests that he administered, because the plaintiff's responses were inherently contradictory. Record at 513-15. He did not say that the results of this test, which clearly was not the sole basis for his conclusions, were "considered invalid for psychiatric disorders." Itemized Statement at 3.

The plaintiff devotes much of his itemized statement to an argument that the administrative law judge failed to comply with Social Security Ruling 13-2p, which he admits was "published after the date of the Decision[.]" Itemized Statement at 4 n.1. He asserts, nonetheless, and without citation to authority, that the Ruling "explains existing policy and so is fully applicable." *Id*. Authority in this judicial district with respect to the retroactive application of a ruling is to the

contrary. *Parker v. Commissioner, Soc. Sec. Admin.*, Civil No. 2:13-CV-19-DBH, 2014 WL 220705, at *9 (D. Me. Jan. 21, 2013).[5]

Because the administrative law judge did not err in rejecting Dr. Pontius's opinion (see below), any error in her formulation of the plaintiff's mental RFC was more favorable to him than the remaining evidence in the record would support, and, thus, the error was harmless.

## B.  Rejection of Dr. Pontius's Conclusion

The plaintiff's second and final argument is that the administrative law judge committed remandable error in evaluating Dr. Pontius's opinion. Itemized Statement at 6-7. Specifically, he asserts that the administrative law judge "completely misstates Dr. Pontius's opinion and then gives significant weight to that opinion (as misstated)[.]" *Id.* at 6. He points to the following sentence from the administrative law judge's opinion:

> As for the opinion evidence, relating to the effect of the claimant's alcoholism in his functioning, the undersigned gives significant weight to treating physician Edward Pontius, MD who stated that because of the claimant's substance problem, the claimant is not effectively able to obtain and maintain competitive employment.

Record at 51.

The plaintiff goes on to note, Itemized Statement at 6, the administrative law judge's later statement that "the undersigned gives little weight to Dr. Pontius's opinion that abstinence from non-prescribed substances would not change the claimant's situation. This opinion is inconsistent with Dr. Collins' opinion . . . . Moreover, this opinion of Dr. Pontius is very inconsistent with the

---

[5] I note also that the plaintiff's argument that Social Security Ruling 13-2p imposes "an additional and even higher standard [to establish materiality of medical evidence when substance abuse is involved] than in a normal RFC determination," Itemized Statement at 5, has been rejected by at least two federal courts. *Hood v. Colvin*, No. 1:13-cv-270-SEB-MJD, 2014 WL 414133, at *5 (S.D. Ind. Feb. 3, 2014) (SSR 13-2p requires finding that co-occurring mental disorder would improve to point of nondisability in absence of substance abuse not be hunch or speculation); *Blaylock v. Commissioner of Soc. Sec.*, 947 F.Supp.2d 826, 840 (N.D. Ohio 2013) (SSR 13-2p requires administrative law judge to follow usual case development rules in assembling evidence of whether substance abuse is material to disability).

medical evidence of record as a whole." Record at 58 (citation omitted). He contends that the "Decision's internally inconsistent evaluation of Dr. Pontius's opinion cannot effectively discredit it." Itemized Statement at 7.

The plaintiff omitted the remainder of the paragraph in which the first except appears, which reads as follows:

> Dr. Pontius also opined that the claimant's disability stems in part to his lack of effective coping skills that he would need to be able to find and maintain competitive employment. As noted above, the claimant's persistent drinking prevented him from following through with treatment to develop coping skills. Dr. Pontius further stated that the claimant has not yet achieved complete abstinence from substance use and lacks the judgment and coping skills necessary to maintain employment.

Record at 51 (citation omitted). As the defendant points out, the earlier paragraph of the opinion is part of the administrative law judge's analysis of the question of whether the plaintiff's impairments meet or equal a Listing without excluding the effects of substance abuse. Opposition at 7.

The first sentence of the earlier paragraph of the opinion is probably a misstatement of Dr. Pontius's opinion, but that misstatement was used to find that the plaintiff's impairments met two Listings. Remand for correction of this error would be an empty exercise, *see Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) (remand not necessary where it would amount to empty exercise), because the administrative law judge's later evaluation of Dr. Pontius's opinion is supported by the reasons given by the administrative law judge for rejecting it. That opinion was, for one thing, inconsistent with Dr. Collins' opinion, and the administrative law judge was entitled to conclude that Dr. Collins' opinion outweighed that of Dr. Pontius. *See, e.g., Crocker v. Astrue*, No. 07-220-P-S, 2008 WL 2775980, at *9 (D. Me. June 30, 2008) (failure to identify specific restrictions and inconsistency with record as whole sufficient reasons to reject

treating source opinion); *Williams v. Colvin*, No. 2:13-cv-00125-JAW, 2014 WL 220744, at *5 (D. Me. Jan. 21, 2014) (where other medical evidence in record supports assigned RFC, remand not required by treating source's support of more restricted RFC) .

On the showing made, the plaintiff is not entitled to remand on this basis.

## II.     Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**

Dated this 5th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge